FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -8  AM 10:36

Heidi Drygas, Esq.
Kevin Dougherty, Esq.
2501 Commercial Drive
Anchorage, AK 99501
(907) 276-1640
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| LABORERS LOCAL 341, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANCHORAGE SAND AND GRAVEL COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. A05-250 CV (JWS) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Introduction

The Union is perplexed by defendant's argument that either the limitations period of the Federal Arbitration Act (FAA) or the Uniform Arbitration Act (UAA) should be applied to this action when the parties are well aware that these statutes do not apply to this collective

HEIDI L. DRYGAS
ATTORNEY AT LAW
2501 COMMERCIAL DRIVE, SUITE 140
ANCHORAGE, ALASKA 99501
(907) 276-1640

9

bargaining agreement. The Union argues that the appropriate state statute of limitations is Alaska's 3-year limitation for contract actions. If the court finds that this is not an appropriate limitations period, then the Union alternatively argues that it should borrow the 6-month limitations period found in 29 U.S.C. § 10(b) of the Labor-Management Relations Act (LMRA), since the Union's action is an action under § 301 of the LMRA.

## Argument

I. The FAA and the UAA do not apply to the Collective Bargaining Agreement between the Parties

No specific federal statute of limitations exists for actions under § 301 of the LMRA to vacate an arbitrator's award pursuant to a collective bargaining agreement. See 29 U.S.C. § 301; see also San Diego County Dist. Council of Carpenters v. Cory, 685 F.2d 1137, 1139 (9th Cir. 1982). Under the Federal Arbitration Act (FAA), a motion to vacate an arbitrator's award must be brought within three months. See 9 U.S.C. § 12. The FAA, however, applies only to individual employment contracts and does not apply to collective bargaining agreements (CBAs). See

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

2

Poweragent Inc. v. Elec. Data Systems Corp., 358 P.3d 1187, 1193 (9th Cir. 2004) ("[I]n this circuit CBAs have been held to be outside the coverage of the Federal Arbitration Act."); see also Kemner v. Dist. Council of Painting and Allied Trades No. 36, et al., 768 F.2d 1115, 1118 n.1 (9th Cir. 1985) ("Congress did not mean the [FAA] to be used to review arbitration awards involving [CBAs].")

It is puzzling, therefore, that defendant would advocate that the FAA's limitations period is the appropriate statute to apply when, in fact, that body of law excludes collective bargaining agreements. This fact militates against a holding that the FAA limitations period should apply to this action.

Likewise, Alaska's version of the Uniform Arbitration Act (UAA) is inapplicable to a labor-management contract where it has not been incorporated by the parties. See AS 09.43.010(a); AS 09.43.300(c).[1] Alaska's UAA has a limitations period of 90 days. AS 09.43.120(c); AS 09.43.500(b). Here, the parties did not incorporate the

---

[1] The fact that the Alaska legislature again included this provision into its version of the Revised Uniform Arbitration Act (RUAA) in 2004 underscores its clear intent that the provisions of the UAA and subsequent RUAA should not apply to a collective bargaining agreement unless incorporated by the parties.

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

3

UAA into their Agreement. See Plant Agreement, Article XV: "Settlement of Disputes," attached as Exh. B, p. 2, to Defendant's Motion to Dismiss.

In an informative case on the issue, Int'l Brotherhood of Elec. Workers, Local Union 1547, et al. v. City of Ketchikan, 805 P.2d 340 (Alaska 1991), the City requested a declaratory judgment interpreting an arbitrator's award. The superior court granted the request. Upon appeal, the IBEW argued that the City's request was akin to a "motion to vacate, modify, or correct" an arbitral award and thus the UAA's 90-day limitations period should apply. Id. at 342. The Alaska Supreme Court declined to apply the UAA's limitations period, stating:

> [T]he original collective bargaining agreement did not incorporate the Act, [and thus] the act is **facially inapplicable** to this dispute. **The 90-day limit does not apply by analogy to labor-management contracts where the Act is not expressly adopted.**

Id. at 342 (emphasis added). The Court went on to hold that there was no time limit at law that was applicable to the City's motion, and that "creation of such a time

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

4

limitation presents an issue appropriate for legislative action." Id. at 342 n.5.

Therefore, the UAA is not an "appropriate" limitations period to apply in this case. Such a limitations period would, in fact, be *inappropriate* when the parties did not incorporate the state statute into their collective bargaining agreement.

In <u>United Brotherhood of Carpenters and Joiners of America, Local 1020 AFL-CIO, v. FMC Corp.</u>, 724 F.2d 815 (9th Cir. 1984), a case cited by defendant, the court borrowed Oregon's limitations period and applied it to the Union's action to have an arbitrator's decision set aside. Contrary to Alaska's arbitration statute, however, Oregon's arbitration statute applies to collective bargaining agreements *unless* the parties *waive* its applicability. ORS § 36.610(1); see generally ORS § 36.600-.740. [2] As defendant states in its motion, "the key...is in the applicability of the state law reviewed." Defendant's Motion to Dismiss, at p. 6. While Oregon's state

---

[2] The court in <u>Carpenters and Joiners Local 1020</u> borrowed the 20-day limitations period of ORS § 33.310. ORS § 33.310 was renumbered § 36.350 but the latter was repealed by the Oregon legislature in 2003. Oregon enacted the UAA that same year and maintained their 20-day limitations period for actions to vacate awards in ORS § 36.705(2).

<u>Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.</u>
Case No. A05-250 CV

arbitration statute is applicable to collective bargaining agreements, Alaska's is not.

Defendant also cites Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261, 912 F.2d 608 (2d Cir. 1990), and San Diego County Dist. Council of Carpenters v. Cory, 685 F.2d 1137 (9th Cir. 1982), where the courts applied the state statute of limitations period for a motion to vacate.  Yet like the arbitration statutes in Oregon, the state statutes in these cases (New York and California, respectively) do not have statutory exclusions for collective bargaining agreements like Alaska's statute.[3] Unlike other legislatures, Alaska's legislature has made it very clear that the UAA does not apply to labor-management contracts unless it has been incorporated by the parties. To apply it now would be in direct contravention of the statute and clear legislative intent.

---

[3] See N.Y. Civ. Prac. L. & R. §§ 7501-7514, Cal. Civ. Proc. Code §§ 1280-1288.8.

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

6

II. <u>In the absence of appropriate legislative action, Alaska's 3-year limitations period or, in the alternative, the LMRA's 6-month limitation period should apply to this action[4]</u>

The Union's cause of action is a § 301 action under the Labor-Management Relations Act (LMRA).[5]  See Complaint, at ¶ 1, Amended Complaint, at ¶ 1; see also 29 U.S.C. § 185.  As defendant acknowledges, Congress has not enacted a statute of limitations for actions brought under § 301 of the LMRA.  <u>Teamsters Union Local 315 v. Great Western Chemical Co.</u>, 781 F.2d 764, 766 (9th Cir. 1986).

The U.S. Supreme Court has applied the state statute of limitations for contract actions to § 301 actions.  In <u>Auto Workers v. Hoosier Cardinal Corp.</u>, 383 U.S. 696 (1966), the Supreme Court held that the timeliness of a § 301 suit under the LMRA must be determined by the

---

[4] Defendant argues in its Motion to Dismiss that as more time passes, Mr. Pope will be entitled to a "greater order of restitution" if he is ultimately successful.  However, defendant fails to take into account a key component of contract damages, which is the duty to mitigate.  If Mr. Pope had not mitigated his damages, he would be entitled to a diminished arbitral award.  As it turns out, Mr. Pope did mitigate his damages as he was re-employed soon after the arbitration.  Thus, at this time the Union seeks no lost wages for Mr. Pope.

[5] In its Motion, defendant incorrectly states that "Plaintiff rewrote its amended complaint as a Section 301 action."  See Motion to Dismiss, at p. 4.  In fact, the Union maintained in both its Complaint and Amended Complaint that this action arose under § 301 of the LMRA.  See identical language of Complaint, at ¶ 1, Amended Complaint, at ¶ 1.  In its Amended Complaint, the Union deleted the reference to the FAA so that there was no confusion that the Union's action is a § 301 action.

<u>Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.</u>
Case No. A05-250 CV

7

appropriate state statute of limitations. Id. at 704-05. In Hoosier Cardinal, the Court applied Indiana's six-year statute of limitations applicable to oral contracts to the Union's action for payment of backpay to terminated employees. Id. at 707.

It is entirely appropriate for this court to likewise hold that Alaska's 3-year limitations period for contract actions applies to this action to vacate an arbitration award. See AS 09.10.053. The agreement to arbitrate between the Union and defendant is based upon the parties' collective bargaining agreement--a contract between the parties to submit disputes to a certain forum for resolution. Since Alaska's UAA excludes collective bargaining agreements, and absent legislative action, Alaska's contract statute of limitations is the most appropriate state statute to apply to this action.[6]

---

[6] Defendant argues that an additional limitations period which may be "appropriate" is Alaska Rule of Appellate Procedure 602(a), which places a 30-day limit on appeals from administrative or lower court decisions to the superior court. See Defendant's Motion to Dismiss, at p. 8. However, a Union's action to vacate an arbitration award in federal court is not analogous to an appeal to the state superior court. A motion to vacate an arbitral award is based upon the parties agreement to arbitrate disputes—a contract between the parties. It is not an agency determination or administrative appeal.

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

The Union argues, alternatively, that another appropriate statute of limitations to apply in this case is § 10(b) of the LMRA, which applies a 6-month limitations period for the filing of an Unfair Labor Practice (ULP) with the National Labor Relations Board (NLRB). 29 U.S.C. § 160(b). In DelCostello v. Int'l Brotherhood of Teamsters et al., 462 U.S. 151 (1983), the U.S. Supreme Court applied the 6-month limitation period of § 10(b) to an action involving both a § 301 claim and a duty of fair representation claim (often referred to as a "hybrid" claim). In that case, the U.S. Supreme Court noted:

> [E]ven if this action were considered as arising solely under § 301 of the [LMRA], the objections to use of a state law and the availability of a well-suited limitations period in § 10(b) would call for application of the latter rule.

Id. at 160 n.12. Hence, the Court suggests that the 6-month statute of limitations under § 10(b) would be appropriate under a "pure" § 301 claim, like the Union presents to this court.

In Williams v. Sharples Coal Co., 663 F.Supp. 105 (S.D. W.V. 1987), the district court applied the LMRA's 6-month limitations period found in § 10(b) to the plaintiff's LMRA § 301 action to vacate an arbitration

award. In that case, West Virginia did not have a statute governing actions to set aside arbitrations awards. Id. at 107. This is closely analogous to the situation the Union finds itself in, where Alaska's UAA exempts CBAs. If the court does not find that Alaska's 3-year statute of limitations for contract action is appropriate, the Union argues alternatively that this court apply the 6-month limitation period found in § 10(b) of the LMRA.

As the Alaska Supreme Court stated in IBEW Local 1547, the creation of a limitations period "presents an issue appropriate for legislative action." 805 P.2d at 342 n.5. Unlike the FAA and the UAA, there is no legal impediment for applying the limitations period of the LMRA. The 6-month limitation period in § 10(b) would effectuate the public policy behind the efficient resolution of arbitral disputes, yet avoids the inconsistency of applying limitation periods from statutes that exclude collective bargaining agreements from their application.

## Conclusion

For the reasons stated herein, Plaintiff respectfully requests that this court DENY defendant's Motion to Dismiss.

DATED at Anchorage, Alaska this 8th day of December, 2005.

Attorneys for
Laborers Local 341

_Heidi Drygas_
Heidi Drygas
ABA No. 0311075

_Kevin Dougherty_
Kevin Dougherty
ABA No. 811086

Certificate of Service

I certify that a copy of this document was served this 8th day of December, 2005 to:

Robert Johnson, Esq.
900 W. 5th Ave., Suite 600
Anchorage, AK 99501

_Tana Hart_
Tana Hart

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV