

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 15 PM 12: 11

Robert M. Johnson
Wohlforth, Johnson, Brecht, Cartledge & Brooking
900 West 5th Avenue, Suite 600
Anchorage, Alaska 99501
(907) 276-6401

Attorneys for Defendant
Anchorage Sand & Gravel Company, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LABORERS LOCAL 341, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANCHORAGE SAND AND GRAVEL )<br>COMPANY, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No. A05-250 CV (JWS)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION<br>TO MOTION TO DISMISS** |

Defendant Anchorage Sand & Gravel Company, Inc., by and through counsel, submits this reply brief in support of its Motion to Dismiss the case as being untimely. With all due respect, the Union has provided no new arguments and does not convincingly rebut the appropriateness of the 3-month limitation period of the Federal Arbitration Act ("FAA") or the 90 day limitation period of the State of Alaska Uniform Arbitration Act "(UAA"). Instead the Union urges the court to select as the appropriate limitation a three <u>year</u> period or the 6-month period applied to hybrid cases filed under Section 301 of the Labor

Reply to Plaintiffs Opposition to Motion to Dismiss      Page 1
I:\Docs\57060302\Reply Brief.wpd

Management Relations Act ("LMRA"), 29 U.S.C. 185. Neither of those periods is appropriate or reasonable.

I.   The 6-month rule for hybrid Section 301 cases is inappropriate.

Both parties agree that federal law has not set a statute of limitations for claims to vacate or to compel arbitration of collective bargaining agreements in the private sector. Instead the courts have used analogies. When the case is an action to <u>compel</u> arbitration -- that is, when for example the employer or union refuses to submit a matter to arbitration despite the terms of a collective bargaining agreement -- the courts have said such a matter is akin to an unfair labor practice. Using this analogy, the courts have then concluded that Section 10(b) of the National Labor Relations Act ("NLRA") which indeed provides for a 6-month statute of limitations with respect to unfair labor practice charges is a close approximation unless there is an even more appropriate state law one. <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151, 170-172 (1983). But, in so concluding, the courts particularly in the Ninth Circuit have not applied the same analysis with respect to actions to <u>vacate</u> an arbitration, as in the instant situation. <u>United Brotherhood of Carpenters and Joiners v. FMC Corporation</u>, 724 F.2d 815, 817 (9th Cir. 1984).

While defendant has cited circuit court decisions which employ the FAA (3-month filing limit) as the most appropriate analogy, the Union submits only one district court decision out of West Virginia which applied the 6-month hybrid rule to actions to vacate an arbitration. <u>Compare</u>, <u>Occidental Chem Corp. v. International Chemical Workers Union</u>, 853 F.2d 1310, 1315-16 (6th Cir. 1988) and <u>American Postal Workers Union v. U.S. Postal</u>

Service, 823 F.2d 466, 473-76 (11th Cir. 1987) with Williams v. Sharples Coal Co., 663 F. Supp. 105 (S.D. W. Va. 1987). The Williams case has not been cited as good law since it was decided nearly 20 years ago and does not represent a circuit decision, it addressed a situation where West Virginia had a "vacuum of authority" on the state law filing issue (663 F. Supp. at 107), and it rather surprisingly never made reference to any argument (if one was even made) that the FAA could apply. The Williams case is simply not solid law applicable in the Ninth Circuit.

An action to vacate an arbitration award is wholly distinct from an action, akin to an unfair labor practice charge, to compel a failure to even submit a matter to arbitration. Once an arbitration has occurred, an action to overturn it is contrary to the goals of prompt finality built into collective bargaining agreements. An action to vacate an arbitration follows satisfaction by the parties of their contractual commitment to submit to arbitration. The very point of using arbitration is to afford quick and final relief in the collective bargaining arena. The Union-AS&G contract implements that. See, Exhibit B to Motion to Dismiss. Uncertainty as to the results of arbitration runs counter to what arbitration is all about and the substantial deference given to arbitrator awards under federal and Alaska law. See, for example UPS v. Mitchell, 451 U.S. 56, 64 (1981) and State v. PSEA, 798 P.2d 1281, 1285 fn. 7 (Alaska 1990) ["Public employers, unions and employees need to know within reasonable time that an arbitrator's decision is immune from collateral attack."][1]

---

[1] Just last week, the Alaska Supreme Court reiterated its view that "we prefer to encourage arbitration as rapid and inexpensive means of resolving disputes." Gilbert v.

Thus because of the logical need to have an even shorter fuse with respect to actions to vacate an arbitration award, the Section 301 hybrid process and its 6-month rule has not been adopted (except uniquely, as in the southern district of West Virginia). There is an apples and oranges comparison between actions to vacate arbitration on the one hand and actions to compel arbitration on the other. The matter now before the court in this matter is without question an effort to vacate a valid and binding arbitrator's decision under a collective bargaining agreement between plaintiff and defendant in this matter; challenges to such a decision should be minimized and not be allowed to drag on.[2]

II.   <u>Courts use analogies to fashion filing limitations, and the UAA or FAA are the most appropriate analogies.</u>

Because it has been concluded that there is no statute of limitations for filing specified by law with respect to actions under the LMRA, the courts have fashioned filing rules by analogies; that is, the courts must "borrow" the rule. It was after all an analogy which allowed the court to apply the 6-month rule under Section 301 to actions to <u>compel</u> arbitration. Nothing in the LMRA or NLRA, by their literal terms, applies to actions to

---

Sperbeck, ___ P.3d ____, Slip Op. No. 5964 at p. 6 fn 17 (Alaska 2005).

[2] Here, the Union notes that Mr. Pope whose termination was upheld has found other work thereby reducing the specific potential for increased restitution. Union brief at footnote 4. Accepting the Union's representation as fact, uncertainty in the finality of the arbitrator's decision is still factually unsettling for other reasons. First, perhaps reinstatement could be ordered well after the fact: an issue of concern to AS&G as a manager and to employees who may be bumped. Second, the impact and import of AS&G's safety and other policy decisions upheld in the decision could be destabilized. And third, Mr. Pope was shop steward and his reinstatement could change the dynamics on the floor. <u>See</u>, Arbitrator's decision, Exhibit A to Motion to Dismiss. AS&G plainly needs to be able to move past this event and maintain a harmonious work-place.

Reply to Plaintiffs Opposition to Motion to Dismiss        Page 4
I:\Docs\57060302\Reply Brief.wpd

compel arbitration. Similarly it is case law direction to find an analogy to set the statute of limitations with respect to a claim to vacate an arbitration. The court in this instance is clearly faced with the duty to select the most appropriate analogy.

The courts that have borrowed an appropriate analogy have emphasized the term "appropriate." Teamsters Union Local 315 v. Great Western Chemical Co., 781 F.2d 764, 766 (9th Cir. 1986). Had the U.S. Supreme Court intended to specify that the only permitted, borrowed statute of limitations be absolutely applicable an the instance, the court could have used such terminology: "any applicable law" or "state law that would govern the issue if the issue were required to be brought solely under state law." The courts did not use such language - - they directed borrowing and use of an analogy selected by a judge as "appropriate."

What analogies have courts used in actions to vacate? Courts have utilized state law analogs and in each instance have found analogies which provided very very short statutes of limitation for filing actions to vacate arbitration. Teamsters Union Local 315, supra ("prescribe a short period for invoking judicial help"). These cases were addressed in defendant's earlier brief: 20 days in Oregon, 90 days in New York, 100 days in California. See, defendant's Motion to Dismiss and cases cited therein. Some circuits have applied the FAA as the best analogy (Occidental Chemical Corp, supra; American Postal Workers Union, supra); only one district has applied the 6-month hybrid case rule.

In Alaska, both parties acknowledge that neither the UAA nor the Appellate Rule 602 provisions have a literal and absolute application to the case now before the court. However, each of those instances provide, with all due respect, an "appropriate" analogy

Reply to Plaintiffs Opposition to Motion to Dismiss       Page 5
I:\Docs\57060302\Reply Brief.wpd

Wohlforth | Johnson | Brecht
Cartledge | Brooking
A PROFESSIONAL CORPORATION
900 WEST 5TH AVENUE, SUITE 600
ANCHORAGE, ALASKA 99501-2048
Phone: 907.276.6401   Fax: 907.276.5093
www.akatty.com

and can be utilized. If they cannot be used, then the most literally applicable Alaska state law would be the 3 year statute of limitations under contract law. The Union so notes. This unacceptably long period for cases limited by the literal application of state law was specifically recognized as inappropriate by the Alaska Supreme Court which concluded that hyper technical inapplicability of the UAA to a collective bargaining dispute "cried out for legislative relief." State v. PSEA, supra. If neither the UAA nor Appellate Rule 602 can apply, certainly a three-year limit is not appropriate to an LMRA case, as this one.

There is of course another clear analogy - - the FAA - - that can be utilized certainly with the same basis and logic as federal court used in adopting Section 301 with respect to motions to compel arbitration. If the only choice in Alaska is a three-year limit, federal law found in the FAA is far more appropriate and indeed is the only appropriate source. The Union offers nothing new when it cites two Ninth Circuit cases for the already recognized proposition that the FAA is recognized as not applying by its literal terms to collective bargaining. See, Poweragent Inc. v. EDS, 358 F.2d 1187 (9th Cir. 2004); Kemner v. Dist Council of Painting & Allied Trades, 768 F.2d 1115 (9th Cir. 1985). Neither Poweragent nor Kemner analyzed filing limitation questions; and Poweragent for example assessed whether estoppel arguments developed under the FAA case law would apply in collective bargaining cases. But most importantly, the Union's citation to these cases misses the point: the FAA, even if not literally applying, offers a source for an appropriate analogy to be borrowed here. The Ninth Circuit has not rejected that proposition for a situation such as that faced in Alaska.

Wohlforth | Johnson | Brecht
Cartledge | Brooking
A PROFESSIONAL CORPORATION
900 WEST 5TH AVENUE, SUITE 600
ANCHORAGE, ALASKA 99501-2048
Phone: 907.276.6401    Fax: 907.276.5093
www.akatty.com

Under the FAA a 3-month filing rule is applicable. 9 U.S.C. § 12. There is simply no more analogous law to this instance than the federal law applicable to arbitration proceedings, notwithstanding its lack of literal application to collective bargaining.

## Conclusion

Neither the defendant nor apparently the plaintiff has found federal Alaska precedent binding on this court. The consequence is that this court must utilize the authority that has been vested in it by other case law to "borrow" an "appropriate" analogy fitting these circumstances. The fact that there is not a precise fit between the FAA or UAA (or the Alaska Appellate Rules for that matter) is not dispositive; any of those choices is nevertheless appropriate and analogous to an action to vacate arbitration. Utilizing the Section 301 6-month limit that, in the absence of a shorter state limit, has been applied to motions to compel arbitration is not such a fit and should not be utilized. Certainly the three-year rule for contracts is out of the question.

For the foregoing reasons, the defendant's Motion to Dismiss should be granted and plaintiff's case should be dismissed as untimely.

DATED at Anchorage, Alaska this ___15th___ day of December, 2005.

Wohlforth, Johnson, Brecht,
Cartledge & Brooking
Attorneys for Defendant
Anchorage Sand and Gravel Company, Inc.

_____
Robert M. Johnson
Alaska Bar ID No. 7410086

Reply to Plaintiffs Opposition to Motion to Dismiss    Page 7
I:\Docs\57060302\Reply Brief.wpd

Robert M. Johnson
Wohlforth, Johnson, Brecht, Cartledge & Brooking
900 West 5th Avenue, Suite 600
Anchorage, Alaska 99501
(907) 276-6401

Attorneys for Defendant
Anchorage Sand & Gravel Company, Inc.

### UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | |
|---|---|
| LABORERS LOCAL 341 )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ANCHORAGE SAND AND GRAVEL )<br>COMPANY, INC., )<br>)<br>    Defendant. )<br>_____ ) | Case No. A05-250 CV (JWS)<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF ALASKA )
                        ) ss.
THIRD JUDICIAL DISTRICT )

    Tara L. James, an employee of Wohlforth, Johnson, Brecht, Cartledge & Brooking, Anchorage, Alaska, being duly sworn that on December 15, 2005, a copy of defendant's Reply to Plaintiff's Opposition to Motion to Dismiss was mailed to:

Heidi Drygas
2501 Commercial Drive, Suite 140
Anchorage, Alaska 99501

_____
Tara L. James

SUBSCRIBED AND SWORN to before me this 15th day of December, 2005.

OFFICIAL SEAL
STATE OF ALASKA
NOTARY PUBLIC
**LISA MARIE JOHNSON**
My Comm. expires: October 31, 2007

_____
Notary Public in and for Alaska
My commission expires 10-31-07

Wohlforth | Johnson | Brecht
Cartledge | Brooking
A PROFESSIONAL CORPORATION
900 WEST 5TH AVENUE, SUITE 600
ANCHORAGE, ALASKA 99501-2048
Phone: 907.276.6401   Fax: 907.276.5093
www.akatty.com

Affidavit of Service                                    Page 2
I:\Docs\57060302\Affidavit of Service.wpd