# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| LABORERS LOCAL 341, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANCHORAGE SAND AND ) <br> GRAVEL COMPANY, INC., ) <br> ) <br> Defendant. ) <br> ) | A05-250 CV (JWS) <br><br> ORDER FROM CHAMBERS <br><br> [Re: Motion to Dismiss at docket 8] |

## I. MOTION PRESENTED

Defendant Anchorage Sand and Gravel Company, Inc. ("ASGC") has filed a motion to dismiss the complaint in this matter on the grounds that it is time-barred.[1] Plaintiff Laborers Local 341 ("Local 341") opposes the motion, and defendant has replied.[2] Oral argument would not assist the court.

## II. BACKGROUND

Local 341 and ASGC are parties to a collective bargaining agreement which calls for arbitration of grieved disputes. In May 2005, Local 341 filed a grievance on behalf of Steve Pope when his employment was terminated by ASGC.[3] The parties moved the

---

[1]Doc. 8.

[2]Docs. 9 and 11.

[3]Doc. 2.

grievance to arbitration, which took place on June 29, 2005.[4]  On July 5, 2005, the arbitrator upheld the termination, thus ruling in favor of ASGC.[5]

On October 27, 2005, Local 341 filed a complaint[6] seeking to vacate the arbitration award pursuant to 29 U.S.C. § 185, a provision which is part of the Federal Labor-Management Relations Act ("LMRA").  The complaint was filed more than 90 days but less than 6 months after the arbitrator's decision.  A first amended complaint was filed on November 8, 2005.[7]  The crux of Local 341's claim is that the arbitrator, Clark Milne, failed to disclose a conflict of interest as required by federal law.[8]

ASGC has moved pursuant to Federal Rule of Civil Procedure 12(b) to dismiss this action as untimely.[9]  Specifically, ASGC argues that the complaint should have been filed no later than October 6, 2005, and that, therefore, the October 27, 2005, complaint is time-barred.[10]

### III.  DISCUSSION

#### A. The Parties' Arguments

There is no specific federal statute of limitations for actions to vacate an arbitrator's award.  Where there is no specific statute, case law instructs that it is appropriate to "borrow" a statute of limitations from another source.[11]  ASGC

---

[4]*Id..*

[5]*Id.*

[6]Doc. 1.

[7]Doc. 2.

[8]*Id.*

[9]Doc. 8.

[10]*Id.*

[11]*See, e.g., Teamsters Local 315 v. Great Western Chemical Co.*, 781 F.2d 764, 766-69 (9th Cir. 1986) (in action to compel arbitration, the Ninth Circuit held that the six-month limitation found in 29 U.S.C. § 160(b), which, by its terms, applies only to the time within which to bring

-2-

summarizes the case law, and concludes that "if there is an applicable and appropriate state law respecting a statute of limitations regarding the vacation of arbitration awards, the state law must be borrowed and applied in a federal action such as the one presently before this court. If however there is not an appropriate state law, federal analogies may be used . . ."[12] Accordingly, ASGC argues that the court should turn either to the Alaska's Uniform Arbitration Act ("UAA"),[13] which has a 90-day statute of limitations, or to Alaska Rule of Appellate Procedure 602, which provides a 30-day deadline to appeal administrative or lower court decisions to a superior court.[14] As a last resort, ASGC suggests that the three-month limitation on actions to vacate an arbitration found in the Federal Arbitration Act ("FAA") should be used.[15]

Local 341 says that neither the FAA nor the UAA should be used, because neither applies to a collective bargaining agreement.[16] Rather, the union argues that the appropriate state statute of limitations is Alaska's three-year limitation for contract actions, or in the alternative, the six-month limitation period found in § 10(b) of the LMRA.[17]

---

an unfair labor practice complaint was the appropriate limitation to borrow.)

[12] Doc. 8 at 6.

[13] AS § 09.43.010-180.

[14] Doc. 8

[15] *Id.* at 12.

[16] Doc. 9.

[17] 29 U.S.C. § 160(b).

-3-

The UAA[18] allows a court to vacate an award only if an application is made within 90 days.[19] In support of its argument that the UAA should apply, ASGC cites several circuit court cases where the court reviewed claims to vacate arbitrations, and concluded that state law provided the most appropriate limitation.[20] In response, Local 341 points out that in the cases cited by defendant, the state statutes in point did not have statutory exclusions for collective bargaining agreements, whereas there is such an exclusion in the UAA as enacted in Alaska.[21] In Alaska, the UAA may apply to a collective bargaining agreement <u>only</u> when specific reference to the UAA is made in the agreement.[22] Here, the parties agree that the Local 341 and ASGC did not adopt by reference or specify the applicability of the UAA.[23] So, says the union, "to apply it now would be in direct contravention of the statute and clear legislative intent."[24]

In the alternative, ASGC argues that the Alaska Rules of Appellate Procedure provide an appropriate Alaska state law provision which could be borrowed with respect

---

[18]AS § 09.43-010-180.

[19]AS § 09.43.12( c) reads: "An application under this section shall be made within 90 days after delivery of a copy of the award to the applicant. However, if the application is predicated upon corruption, fraud, or other undue means by either the opposing party or an arbitrator, it shall be made within 90 days after the grounds are known or should have been known."

[20]Doc. 8 at 5, citing *United Brotherhood of Carpenters and Joiner Local 1020 AFL-CIO v. FMC Corp.,* 724 F.2d 815, 817 (9th Cir. 1984) (Oregon law); *Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261*, 912 F.2d 608, 612-13 (2nd Cir. 1990) (New York law); *San Diego County Dist. Council of Carpenters v. G. L. Cory*, 685 F.2d 1137, 1139-42 (9th Cir. 1982) (California law).

[21]Doc. 9 at 5-6.

[22]AS § 09.43.010(a).

[23]Doc. 8 at 7; doc. 9 at 3-4.

[24]Doc. 9 at 6.

to the vacation of arbitration awards.[25] Under Rule 602(a), the time limit for appealing an administrative or lower court decision to the superior court for review is 30 days. Defendant argues that "while an arbitrator's decision in the private sector – as here – is not an administrative agency decision, the state law filing limitation is quite logically an analogous and 'appropriate' limitation which might be borrowed. . . ."[26] For its part, Local 341 argues that an action to vacate an arbitration award in federal court is not sufficiently analogous to an administrative appeal to a state court.[27]

As a last resort, ASGC suggests that the three-month rule of the FAA should be applied.[28] Plaintiff disagrees, noting that the FAA applies only to individual employment contracts, and does not apply to collective bargaining agreements.[29]

Plaintiff argues that the agreement to arbitrate is based on the parties' collective bargaining agreement, a contract governed by Alaska law.[30] So, asserts Local 341, Alaska's three-year statute of limitations for contract actions, AS § 09.10.053,[31] should apply. In support, it notes that the Supreme Court, holding that the timeliness of a suit under the LMRA must be determined by the appropriate state statute of limitations, applied Indiana's six-year statute of limitations applicable to oral contracts to a union's action for payment of back pay for terminated employees.[32] ASGC responds that the

---

[25] Doc. 8 at 8.

[26] *Id*.

[27] Doc. 9 at 8, fn. 6.

[28] Doc. 8 at 12.

[29] Doc. 9 at 2-3, citing *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) ("[I]n this circuit CBAs have been held to be outside the coverage of the Federal Arbitration Act.").

[30] Doc. 9 at 8.

[31] Doc. 9 at 7-10.

[32] *Id.*, citing *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966).

-5-

three-year statute of limitations under AS § 09.10.053 "clearly do[es] not satisfy the case law mandate that only an 'appropriate' state law of limitation is to be borrowed. A three . . . year period of uncertainty is contrary to public policy and common sense in the labor arena."[33]

In *Del Costello v. Int'l Brotherhood of Teamsters*,[34] the Supreme Court considered a suit by an employee against his union and an employer, where the employee alleged that the employer had breached a provision of a collective bargaining agreement, <u>and</u> that the union had breached its duty of fair representation by mishandling the ensuing grievance and arbitration proceedings. The combination of claims resulted in the matter being deemed a "hybrid" case by the Court. The Court noted:

> As is often the case in federal civil law, there is no federal statute of limitations expressly applicable to this suit. In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, our task is to 'borrow' the most suitable statute or other rule of timeliness from some other source. We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law.[35]

The Court went on to say:

> In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law.   * * *

---

[33]Doc. 8 at 10.

[34]462 U.S. 151 (1983).

[35]*Id.* at 158.

Hence, in some cases we have declined to borrow state statutes but have instead used timeliness rules drawn from federal law - either express limitations periods from related federal statutes, or such alternatives as laches.[36]

Ultimately, the *Del Costello* court concluded that in an action to compel an arbitration in a "hybrid" case, "state limitations periods for vacating arbitration awards fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under §301 and the fair representation doctrine."[37] Specifically, the Court noted that an employee, unsophisticated in collective-bargaining matters, would be required to evaluate both the outcome of the arbitration and the adequacy of his union's representations, while state statutes usually establish very short times within which one must sue to vacate an arbitration awards. The Supreme Court ultimately found there was no appropriate state statute of limitations, and instead applied the six-month limitation period for filing an unfair labor practice charge with the National Labor Relations Board.

Local 341 argues that the six-month limitations period under the LMRA also is appropriate in this case, noting that the *Del Costello* court suggested that the rule could be appropriate for a "pure" Section 301 claim, such as the one before this court. The union also notes that the district court for the Southern District of West Virginia applied the LMRA's six-month limitations period to a Section 301 action to vacate an arbitration award in similar circumstances, where West Virginia did not have a statute governing actions to set aside arbitration awards.[38] Unlike the FAA and the UAA, plaintiff explains, there is no statutory or case law impediment to application of the limitations period of the LMRA. Moreover, Local 341 asserts, "The 6-month limitation period in §10(b) would

---

[36]*Id.* at 161-62.

[37]*Id.* at 166.

[38]*Williams v. Sharples Coal Co.*, 663 F.Supp. 105 (S.D.W.V. 1987).

-7-

effectuate the public policy behind the efficient resolution of arbitral disputes, yet avoids the inconsistency of applying limitation periods from statutes that exclude collective bargaining agreements from their application."[39]

ASGC responds that the six-month limitations period should not apply here, because this case is not a hybrid case situation - it is only an action to vacate an arbitrator's award.[40] Defendant discourages reliance on the *Williams* case, for the reason that it "is simply not solid law applicable in the Ninth Circuit."[41] Defendant reiterates that there is a distinction between an action to vacate arbitration, and one to compel arbitration, and that the six-month limitation was intended only to compel arbitration.[42]

**B. Court's Resolution**

As the Supreme Court decision in *Del Costello* makes clear, the task before this court is to determine what statute of limitations most appropriately "borrowed" and applied on the facts of this case. An inherent problem in such an assignment is the lack of actual notice to the parties. The purpose of a statute of limitations is to provide notice that once a certain period of time has passed, no further action can be taken on a particular matter - regardless of the merits. When faced with the task of "borrowing" a statute of limitations, "notice" becomes a matter of hindsight. On at least two occasions, the Alaska Supreme Court has acknowledged the lack of clear guidelines with respect to challenging or clarifying arbitration awards, and has noted that legislative action is necessary.[43] Thus far, the legislature has not acted.

---

[39]Doc. 9 at 10.

[40]Doc. 8 at 10.

[41]Doc. 11 at 3.

[42]Doc. 11 at 4.

[43]*State v. Public Empl. Assn.*, 798 P.2d 1281, 1285 fn.7 (Alaska 1990) ("[P]arties to an agreement reached through arbitration should be able to proceed to implement the agreement

-8-

Given the UAA's explicit requirement that the parties must affirmatively adopt the Act in their collective bargaining agreement, this Court declines to force the 90-day UAA deadline on the parties. Indeed, the Alaska Supreme Court previously has declined to apply the UAA limitation period where the Act was not expressly adopted.[44] It would be inherently unfair to the Local 341 to enforce a statute of limitations that is affirmatively excluded from the collective bargaining agreement, even under the guise of "borrowing" the statute where there is a vacuum in the law. For similar reasons, it would be unfair to enforce the three-month limitations period of the Federal Arbitration Act, since Local 341 had no reason to look to the FAA for guidance when determining how quickly to file the complaint in this case. Furthermore, the court agrees with Local 341 that an action to vacate an arbitration award in federal court is not sufficiently analogous to an administrative appeal to the state court to warrant the application of the 30-day statute of limitations found in the Alaska Rules of Appellate Procedure.

The court agrees with ASGC's position that there is a strong public policy interest in the finality of arbitration: "Once an arbitration has occurred, an action to overturn it is contrary to the goals of prompt finality built into collective bargaining agreements . . . The very point of using arbitration is to afford quick and final relief in the collective bargaining arena."[45] Alaska precedent suggests that "Public employers, unions and employees need to know within reasonable time that an arbitrator's decision is immune

---

without worry that it is subject to challenge months or years in the future. This situation cries out for a legislative response."); *Int'l Brotherhood of Electrical Workers Local Union 1547 v. City of Ketchikan,* 805 P.2d 340, 342 fn.5 (Alaska 1991) ("[E]ffectively there is no common law time limit applicable to a party's motion for declaratory judgment to clarify an arbitration award. Creation of such a time limitation presents an issue appropriate for legislative action.")

[44]*Int' Brotherhood v. Ketchikan*, 805 P.2d at 342 (Alaska 1991).

[45]Docket 11 at 3.

from collateral attack."[46]  For these reasons, the court declines Local 341's invitation to adopt the three-year statute of limitations which governs contracts in Alaska.

Having eliminated every other limitations period suggested, the court is left with the six-month limitations period found in the LMRA.  This Court is persuaded by the union's argument that "[t]he 6-month limitation period in §10(b) would effectuate the public policy behind the efficient resolution of arbitral disputes, yet avoids the inconsistency of applying limitation periods from statutes that exclude collective bargaining agreements from their application."[47]

ASGC's argument that this matter is not a "hybrid" matter akin to *Del Costello* does not provide a persuasive reason for refusing to borrow the LMRA period of limitations.  As explained in *Del Costello*, "In some circumstances . . . state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law."[48]  The circumstances of this case leave the Court with unsatisfactory choices under state law.  The *Del Costello* court offered the option of using timeliness rules drawn from "either express limitations periods from related federal statutes, or such alternatives as laches,"[49] and clearly suggested, contrary to ASGC's argument, that the LMRA's six-month limitation would be appropriate in a "pure" or "non-hybrid" case.[50]  This court concludes that the six-month limitations period under the LMRA is the most reasonable limitations period to apply in the case at bar.

---

[46]*Id.*, citing *State v. PSEA*, 798 P.2d 1281, 1285 fn.7 (Alaska 1990).

[47]Doc. 9 at 10.

[48]462 U.S. 161.

[49]462 U.S. 162.

[50]462 U.S. 158., n. 12 ("[E]ven if this action were considered as arising solely under §301 of the [LMRA], 29 U.S.C. § 185, the objections to use of state law and the availability of a well-suited limitations period in §10(b) would call for application of the latter rule.")

Case 3:05-cv-00250-JWS   Document 12   Filed 01/06/06   Page 10 of 11

## IV.  CONCLUSION

For the reasons set out above, ASGC's motion to dismiss at docket 8 is **DENIED.**

DATED at Anchorage, Alaska this 6th day of January 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE