**Kevin Dougherty**

| | |
|---|---|
| From: | "Rob Johnson" <RJohnson@wvjb.com> |
| To: | <milne@mosquitonet.com> |
| Cc: | <kbd@acsalaska.net> |
| Sent: | Wednesday, June 08, 2005 6:55 AM |
| Subject: | RE: Letter |

RECEIVED
JAN 1 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

I will forward the unattached attachment from the CBA to you later this morning. My error. And will cc this response and your email to Kevin Dougherty, union counsel.

Robert M. Johnson, Esq.
Wohlforth, Johnson, Brecht,
Cartledge & Brooking

NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient or believe that you may have received this communication in error, please reply to the sender indicating that fact and delete the copy you received. If you are not the intended recipient, you should not print, copy, retransmit, disseminate, or otherwise use the information.

>>> "Clark & Karen Milne" <milne@mosquitonet.com> 06/07/05 11:19PM >>>
Hello Mr. Johnson,

   In the name of time and efficiency, I am responding directly to your message tonight via e-mail. I'm figuring that it will be very easy to cc this message off to the Laborer's Union attention for instance, and thus avoid any potential inference of ex-parte contact early on in our dealings.

   I am interested in taking on the single arbitrator role you've mentioned, although it is perhaps worth noting that your letter, dated June 5, 2005, was the only attachment to your message, despite the direct reference saying differently, i.e. no copy of the collective bargaining agreement was included. (and it would/will obviously be of distinct interest)

   I am attaching for your review and files my one-page labor arbitrator resume, in the interest of being sufficiently complete in my initial professional disclosure that both parties will be able to fairly quickly look over my 30-year background in Alaska, and perhaps - please feel free to do so, with my specific permission - to do additional checking on my credibility and neutrality.

   I am pleased to say that I foresee and infer no conflicts of interest at this time that would in any way cause me to be unable to properly and neutrally handle the arbitration of this dispute. I do not have, and have never had, any fiscal interest in, or direct involvement with, the Laborers Union, Local 341, AS&G, these organizations' employees, or - to my knowledge and particularly - the aggrieved individual mentioned in your letter, Mr. Steve Pope. (Please note my time in the late 1970's and early 1980's working with PKS and Interstate, which was in Anchorage)

   In terms of compensation, please see the last section of the Labor

EXHIBIT
A
1 of 3

1/10/06

Arbitrator sheet. Feel free to ask questions of any unclear aspects of that text.

With regard to scheduling, I am through the worst of my spring and early summer responsibilities at the ADOT&PF, and therefore could meet with you for an arbitration hearing fairly quickly. (Late summer gets quite complicated again) For instance, presuming that it is appropriate to schedule - and then not need full use of? - TWO days of hearings to meet your needs, I could come to Anchorage and spend the period of two entire days as follows, cited for your review with your schedule and also Mr. Dougherty's.

June 16 and 17   (I admit I would like to see some materials from both parties before this?)
Any pair of days from Monday, June 20 to Thursday, June 23rd
Any pair of days from Monday, June 27 to Saturday, July 2nd
Any pair of days from Monday, July 11 to 13th
Any pair of days from Monday, July 18 to 20th
Any pair of days from Monday, July 25 to 27th
      Other dates can be discussed, even within this array, if these don't seem to work out.

The more lead time I get in your selection of hearing dates (and confirmation that two days should be plenty?), the better.

Some additional thoughts while you deliberate on this missive:

- would you like to have a pre-hearing tele-conference to clear up typical questions and possibly even identify stipulated facts or mutually agree on what I may/should read and review before the hearing begins?

- what Rules, if any, would you like to follow?   AAA's Labor Arbitration Rules are well-settled, although I am aware how unlikely it is that you intend to involve the rest of their arbitration apparatus. If you just want an honest, informed, available neutral, that's fine with me too.

- How many witnesses, and what intended timeline for award submission?

      This seems like more than enough for one night's response, Clark Milne

-----Original Message-----
From: Rob Johnson [mailto:RJohnson@wvjb.com]
Sent: Tuesday, June 07, 2005 9:04 AM
To: milne@mosquitonet.com
Subject: Letter


Please see the attached letter.



EXHIBIT
A
2 of 3

1/10/06

Robert M. Johnson, Esq.
Wohlforth, Johnson, Brecht,
Cartledge & Brooking

NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient or believe that you may have received this communication in error, please reply to the sender indicating that fact and delete the copy you received. If you are not the intended recipient, you should not print, copy, retransmit, disseminate, or otherwise use the information.

EXHIBIT
A
3 of 3

1/10/06