Heidi Drygas, Esq.
Kevin Dougherty, Esq.
2501 Commercial Drive
Anchorage, AK 99501
(907) 276-1640
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

LABORERS LOCAL 341,            )
                               )
            Plaintiff,         )
                               )
        v.                     )
                               )
ANCHORAGE SAND AND GRAVEL      )
COMPANY, INC.,                 )
                               )
            Defendant.         )
_____)  Case No. A05-250 CV (JWS)

### AFFIDAVIT OF TIM SHARP

I, Tim Sharp, swear and affirm as follows:

1. I am over 18 years old and I have personal knowledge of the matters set forth herein.

EXHIBIT 5 MILNE 1·31·06

EXHIBIT H

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

1

Exhibit A, p.21

HEIDI L. DRYGAS
ATTORNEY AT LAW
2501 COMMERCIAL DRIVE, SUITE 140
ANCHORAGE, ALASKA 99501
(907) 276-1640

2. I am the Business Manager and Secretary-Treasurer of Laborers Local 942 in Fairbanks, Alaska. By virtue of that position, I am a Trustee for the Alaska Laborers Training Trust.

3. I am an Executive Board Member of the Alaska District Council of Laborers, which is the statewide council for the three Alaska locals of the Laborers International Union of North America (LIUNA).

4. Abraham Milne applied for admittance into the Alaska Laborers Training Trust apprenticeship program on two separate occasions. Unfortunately, we did not select Abraham for the program on either occasion.

5. On August 17, 2004, I was working on a volunteer project to move the historical Fairbanks Coal Bunkers to another location. Clark and Abraham Milne worked with me on that project.

6. While working on the volunteer project together, I had a conversation with Clark Milne regarding

<u>Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.</u>
Case No. A05-250 CV

2

his son, Abraham. In that conversation, we discussed the Laborers apprenticeship program and I told Clark Milne to encourage his son, Abraham, to reapply to the Laborers apprenticeship program.

7. During my conversation with Clark Milne, it was clear to me that Clark Milne was aware that his son, Abraham Milne, had applied to the Laborers apprenticeship program and failed to be selected.

8. I have read this statement, I fully understand its contents, and I certify that it is true and correct to the best of my knowledge.

Further Affiant sayeth naught.

HEIDI L. DRYGAS
ATTORNEY AT LAW
2501 COMMERCIAL DRIVE, SUITE 140
ANCHORAGE, ALASKA 99501
(907) 276-1640

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

DATED at Fairbanks, Alaska this __9__ day of January, 2006.

_____
Tim Sharp

SUBSCRIBED and sworn to me this __9__ day of January, 2006.

_____
Notary Public for the State of Alaska

My Commission Expires April 18, 2009.

Certificate of Service

I certify that a copy of this document was served this 12 day of January, 2006 to:

Robert Johnson, Esq.
900 W. 5th Ave., Suite 600
Anchorage, AK 99501

_____
Tana Hart

HEIDI L. DRYGAS
ATTORNEY AT LAW
2501 COMMERCIAL DRIVE, SUITE 140
ANCHORAGE, ALASKA 99501
(907) 276-1640

Laborers Local 341 v. Anchorage Sand and Gravel Company, Inc.
Case No. A05-250 CV

## Kevin Dougherty

| | |
|---|---|
| From: | "Rob Johnson" <RJohnson@wvjb.com> |
| To: | <milne@mosquitonet.com> |
| Cc: | <kbd@acsalaska.net> |
| Sent: | Wednesday, June 08, 2005 6:55 AM |
| Subject: | RE: Letter |

I will forward the unattached attachment from the CBA to you later this morning. My error. And will cc this response and your email to Kevin Dougherty, union counsel.

Robert M. Johnson, Esq.
Wohlforth, Johnson, Brecht,
Cartledge & Brooking

NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient or believe that you may have received this communication in error, please reply to the sender indicating that fact and delete the copy you received. If you are not the intended recipient, you should not print, copy, retransmit, disseminate, or otherwise use the information.

>>> "Clark & Karen Milne" <milne@mosquitonet.com> 06/07/05 11:19PM >>>
Hello Mr. Johnson,

In the name of time and efficiency, I am responding directly to your message tonight via e-mail. I'm figuring that it will be very easy to cc this message off to the Laborer's Union attention for instance, and thus avoid any potential inference of ex-parte contact early on in our dealings.

I am interested in taking on the single arbitrator role you've mentioned, although it is perhaps worth noting that your letter, dated June 5, 2005, was the only attachment to your message, despite the direct reference saying differently, i.e. no copy of the collective bargaining agreement was included. (and it would/will obviously be of distinct interest)

I am attaching for your review and files my one-page labor arbitrator resume, in the interest of being sufficiently complete in my initial professional disclosure that both parties will be able to fairly quickly look over my 30-year background in Alaska, and perhaps - please feel free to do so, with my specific permission - to do additional checking on my credibility and neutrality.

I am pleased to say that I foresee and infer no conflicts of interest at this time that would in any way cause me to be unable to properly and neutrally handle the arbitration of this dispute. I do not have, and have never had, any fiscal interest in, or direct involvement with, the Laborers Union, Local 341, AS&G, these organizations' employees, or - to my knowledge and particularly - the aggrieved individual mentioned in your letter, Mr. Steve Pope. (Please note my time, in the late 1970's and early 1980's working with PKS and Interstate, which was in Anchorage)

In terms of compensation, please see the last section of the Labor



Exhibit A, p.25