Robert M. Johnson, Esq.
Wohlforth, Johnson, Brecht,
Cartledge & Brooking

NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient or believe that you may have received this communication in error, please reply to the sender indicating that fact and delete the copy you received. If you are not the intended recipient, you should not print, copy, retransmit, disseminate, or otherwise use the information.

# Heidi Drygas

**From:** Clark & Karen Milne [milne@mosquitonet.com]
**Sent:** Thursday, January 19, 2006 9:44 PM
**To:** Rob Johnson; hld@acsalaska.net
**Subject:** RE: Union/AS&G

Yes, gentlemen of both Parties.

Having read the briefs that Mr. Johnson sent yesterday I now have a grasp of the concerns expressed (to my dismay), and feel that you deserve to have access to my testimony to promptly resolve this allegation of non-disclosure and supposed evident partiality on my part.

I will (I offer to) make a trip to Anchorage, at my own expense and in the near term, for the purposes of meeting the needs of completing a deposition with you. At the moment I have no other needs or intentions to visit Anchorage, so that means that I am truly at your disposal. You are the reason I will travel south.

If the Laborers will suggest several possible times that work for them, I am confident that I can choose one or more of their suggestions as appropriately convenient, and thereafter have the best of those possibilities validated or ratified by Mr. Johnson as workable.

Please note that I know - and I will continue to declare and maintain with attendant details - that I did not think, feel, or act with any ~~im~~partiality in my arbitral service to the Parties, though I do now regret this oversight in not thinking to mention Abe's failure with regard to selection for Laborer apprenticeship earlier in 2005. I concur with the details noted in Tim Sharp's affadavit (those that apply to Abraham and me), but unfortunately these circumstances never came to my mind for me when thinking of and expressing arbitral disclosure items before, during, or after the arbitration. I believe that this circumstance does NOT indicate "evident partiality", but recognize that in the end that point will be for the court to decide after the extraction of dual-party questioning and the judge's due deliberation. I stand ready to tell my tale and agree that you deserve an honest and full response, in person, from me. It won't be complicated.

       Clark Milne

-----Original Message-----
From: Rob Johnson [mailto:RJohnson@akatty.com]
Sent: Thursday, January 19, 2006 8:59 AM
To: hld@acsalaska.net
Cc: Clark & Karen Milne
Subject: Union/AS&G


It now appears that Mr Milne does not wish to speak to one side or the other unilaterally. I respect that choice and as I had previously indicated to you that if this were to be his choice, then of course I would respect it. Consequently I believe a deposition will be necessary. By my cross-copy of this email to Mr Milne, I request Union counsel and Mr Milne suggest a convenient time and location. Perhaps Mr Milne will be in Anchorage within the next week or so.

Robert M. Johnson, Esq.
Wohlforth, Johnson, Brecht,
Cartledge & Brooking

Note: My email address has been changed.
It is now rjohnson@akatty.com


EXHIBIT 7
MILNE 1.31.06

NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient or believe that you may have received this communication in error, please reply to the sender indicating that fact and delete the

1

copy you received.  If you are not the intended recipient, you should not print, copy, retransmit, disseminate, or otherwise use the information.