Robert M. Johnson
Wohlforth, Johnson, Brecht, Cartledge & Brooking
900 West 5th Avenue, Suite 600
Anchorage, Alaska 99501
(907) 276-6401

Attorneys for Defendant
Anchorage Sand & Gravel Company, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LABORERS LOCAL 341, <br><br> Plaintiff, <br><br> vs. <br><br> ANCHORAGE SAND AND GRAVEL COMPANY, INC., <br><br> Defendant. | Case No. A05-250 CV (JWS) |

## AFFIDAVIT OF STEVE LOVS

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

I, Steve Lovs, being duly sworn, state the following based on my personal knowledge:

1. I am Vice President and General Manager of Anchorage Sand & Gravel, Inc. ("AS&G"), defendant in this matter.

2.  As General Manager I am personally familiar with collective bargaining relationships between AS&G and Local 341 and with the arbitration proceeding involving Steve Pope in which the decision has been challenged by Local 341 in this lawsuit.

3.  Over many years AS&G has entered into collective bargaining agreements with Local 341 following negotiations.  All negotiations and all collective bargaining agreements are between AS&G and Local 341 only, and not with any umbrella laborer's organization which may be affiliated with Local 341 in the State of Alaska or elsewhere. AS&G has no contractual relationships with an umbrella organization affiliated with Local 341 or with any apprenticeship program described in this litigation.

4.  The current collective bargaining agreement ("CBA") between AS&G and Local 341 was effective January 1, 2005.  This CBA was in effect at the time of the arbitration involving Steve Pope and was submitted as an exhibit to the arbitrator in this matter.  In negotiating the terms and conditions of the CBA, AS&G maintained, as it has maintained in all previous negotiations with Local 341, a bottom line compensation per employee, per hour.  From this bottom line, Local 341 is permitted to apply such amounts to such categories as it independently chooses so long as the total does not exceed the overall figure.  For example, there is referenced in the CBA a pension (Article XVII), a legal fund (Article XVIII), a training fund (Article XIX), and Alaska Laborers Political Education Committee Fund (Article XX).  There is no specific mention of a laborer's apprenticeship program (whether in Fairbanks or Anchorage) in the CBA.  Amounts are to be accrued per compensable hour for delivery into such trust funds in such amounts as Local

Wohlforth | Johnson | Brecht
Cartledge | Brooking
A PROFESSIONAL CORPORATION
900 WEST 5TH AVENUE, SUITE 600
ANCHORAGE, ALASKA 99501-2048
Phone: 907.276.6401   Fax: 907.276.5093
www.akatty.com

Affidavit of Steve Lovs                                                Page 2
I:\Docs\57060302\Affidavit of Steve Lovs.wpd

Exhibit C p.2

341 determines without negotiation by AS&G as to those amounts. The amounts set by Local 341 are included in annually revised schedules, each called "Schedule A." Attached hereto are such schedules effective January 1, 2005 (executed on January 31, 2005) and effective January 1, 2006 (executed November 16, 2005). Included therein is a "training" category of accrual per compensable hour. Such accruals relating to this category that might have ended up in the Fairbanks apprenticeship program are not negotiated or even known by AS&G.

     5.    AS&G has no participation in the structure of the apprenticeship program described in this lawsuit. It has no membership on the board of trustees of the apprenticeship program. Moreover, AS&G had no knowledge of the trustee composition of the apprenticeship program except as described by Mike Gallagher in his deposition in this case. AS&G has no contractual relationships whatsoever with the apprenticeship program.

     6.    AS&G terminated its employee Steve Pope. Local 341 grieved that action to arbitration. Local 341 and AS&G mutually agreed to waive the application of Article XV of the CBA as it related to the appointment of a panel regarding arbitrations. Instead the parties agreed that a single arbitrator would be selected. The parties voluntarily and freely chose Clark Milne, an arbitrator with whom AS&G had no prior relationship whatsoever. AS&G had no knowledge whatsoever that Mr. Milne has a son, much less a son who may have applied to an apprenticeship program in Fairbanks, Alaska. AS&G operations involving laborers in the workforce are exclusively in Anchorage.

Wohlforth | Johnson | Brecht
Cartledge | Brooking
A PROFESSIONAL CORPORATION
900 WEST 5TH AVENUE, SUITE 600
ANCHORAGE, ALASKA 99501-2048
Phone: 907.276.6401   Fax: 907.276.5093
www.akatty.com

Affidavit of Steve Lovs            Page 3
I:\Docs\57060302\Affidavit of Steve Lovs.wpd

Exhibit C p.3

7. Some time after the delivery of the July 5, 2005 Steve Pope decision by Clark Milne, Mike Gallagher from Local 341 contacted Dale Morman and me indicating that he had discovered a relationship involving Clark Milne's son which should have been disclosed. Local 341 and Mr. Gallagher never stated that Mr. Milne exhibited actual bias but only that Mr. Milne has some sort of duty to disclose his son's failure to gain admission in 2004 and 2005 to the laborer's apprenticeship program in Fairbanks. We at AS&G saw no disclosure duty or any conflict. AS&G posed - - in writing - - additional questions to Mike Gallagher asking him to provide additional information regarding the allegations of non-disclosure. Local 341 never responded in writing to these requests, and only spoke informally with Mr. Morman and me about their claim. Local 341 provided no information responsive to AS&G's questions, nor did Local 341 provide information regarding the relationship of Local 341 to the apprenticeship program or otherwise.

8. Local 341 has not suggested that Mr. Milne had any bias in reaching his decision in this matter. AS&G has no reason to believe that as a matter of fact or law that Mr. Milne's decision should be vacated.

9. Vacation of Mr. Milne's decision and re-submission of the matter to another arbitrator would result in significant delay in this matter whatever the decision might be. This delay runs contrary to AS&G's expectation that arbitrations afford prompt resolution of matters. Moreover, remand produces uncertainty, which is itself contrary to collective bargaining and a smooth running work place.

Wohlforth | Johnson | Brecht
Cartledge | Brooking
A PROFESSIONAL CORPORATION
900 WEST 5TH AVENUE, SUITE 600
ANCHORAGE, ALASKA 99501-2048
Phone: 907.276.6401   Fax: 907.276.5093
www.akatty.com

Dated this 13 day of February 2006.

_____
Steve Lovs

SUBSCRIBED AND SWORN to before me this 13th day of February, 2006.



_____
Notary Public in and for Alaska
My commission expires 12/14/06

Wohlforth | Johnson | Brecht
Cartledge | Brooking
A PROFESSIONAL CORPORATION
900 WEST 5TH AVENUE, SUITE 600
ANCHORAGE, ALASKA 99501-2048
Phone: 907.276.6401   Fax: 907.276.5093
www.akatty.com